SUE FAHAMI
Acting United States Attorney
District of Nevada
Nevada Bar Number 5634
DANIEL R. SCHIESS
Assistant United States Attorney
Nevada Bar No. 5483
JEAN N. RIPLEY
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Fax: (702) 388-6418
dan.schiess@usdoj.gov

*Attorneys for United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>BRENT C. KOVAR,<br><br>        Defendant. | Case No. 2:25-cr-0028-JAD-MDC<br><br>**JOINT MOTION TO ADOPT PROPOSED COMPLEX CASE SCHEDULE** |

Pursuant to Local Rule 16-1, the United States, by and through the undersigned, moves this Court to adopt the attached proposed Complex Case Schedule for the reasons set forth below. After consultation between counsels on February 27, 2025, counsel for defendant Kovar agrees with the provisions of the proposed order.

  1.    **Complex Case**: The United States asserts that this is a complex case within the meaning of that term under Title 18, United States Code, Section 3161(h)(7)(B)(i) and (ii), in that the failure to grant such a continuance of such proceeding would result in a

possible miscarriage of justice and in that the nature of the prosecution is such that it is unreasonable to expect adequate trial preparation within the time limits prescribed by the Speedy Trial Act.

  a. The discovery in this matter consists of million documents of records from numerous sources. The investigation involves investigative materials from numerous sources, including financial institutions, the Securities and Exchange Commission arising out of an action it brought against the defendant, and a court-appointed receiver.

  b. The fraud scheme alleged in the Indictment is complex because it involves activity covering 2017 to 2021, and financial records, data, and witness statements that will take significant time for the defense to review and adequately prepare for pretrial motions and trial.

 2. **Trial Date**: The United States is in the process of preparing discovery for production to the defense and hopes to reach an agreement as to a proposed trial date. Counsel for the defendant are not in an informed position to set a trial date now, as they have not yet had the opportunity to review all the discovery provided.

 3. **Excluded Time**: The United States requests that all time from defendant's initial appearance in this case on February 13, 2025, to the trial date to be set by the Court is excluded under Title 18, United States Code, Section 3161(h)(7)(A), when considering the factors under 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv), because failure to grant such a continuance would likely result in a miscarriage of justice, and denial of a continuance would deny both parties reasonable time necessary for effective preparation.

 4. **Pretrial Motions**: The United States proposes the following motions schedule in its order:

      a.     All pretrial motions shall be due 120 days before the trial date to be set by the Court;

      b.     Responses shall be due 21 days after the filing of a pretrial motion;

      c.     Any replies shall be due 7 days after the filing of a response;

      d.     Motions in limine shall be due 45 days before the trial date to be set by the Court; and

      e.     Responses shall be due 14 days after the filing of a motion in limine.

      f.     Motions deadlines shall be subject to modification by court-approved stipulation or court order.

5. **The Parties' Discovery Obligations:**

      a.     The parties have agreed that discovery shall be subject to a protective order, to protect the privacy of persons the United States alleges are crime victims as reflected in the Indictment and witnesses who may be called, and for other reasons, including the safeguarding of potentially privileged information. The parties are meeting and conferring on the proposed protective order.

      b.     The United States is in the process of providing its Rule 16 disclosures to the defendant, and, consistent with its ongoing discovery obligations, will turn over additional materials as they become available. The United States will produce a substantial amount of discovery within three days (excluding weekends) of entry of the protective order, and expects to produce the remaining Rule 16 discovery by March 25, 2025.

      c.     The United States agrees to provide disclosures related to expert testimony no later than 90 days before the date set for trial by this Court to allow for sufficient trial preparation.

      d.      The Defendant's reciprocal Rule 16 disclosures, including disclosures related to expert witness testimony and notices of defenses (including any advice-of-counsel defense), shall be made no later than on or before 60 days before trial, to allow for sufficient trial preparation.

      e.      The government will disclose its witness list no later than 90 days before trial and its exhibit list no later than 60 days before trial. The defendant will disclose his witness list no later than 45 days before trial and his exhibit list no later than 30 days before trial.

      f.      The parties reserve the right to timely supplement their productions and disclosures.

WHEREFORE, the United States respectfully requests that the Court enter the attached Scheduling Order addressing these issues and such other issues as the Court deems appropriate.

Dated this 6th day of March 2025.

Respectfully submitted,

*/s/ Daniel R. Schiess*
DANIEL R. SCHIESS
JEAN N. RIPLEY
Assistant United States Attorneys

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>BRENT C. KOVAR,<br><br>  Defendant. | Case No. 2:24-cr-0028-JAD-MDC<br><br>**[PROPOSED] FINDINGS AND ORDER ESTABLISHING COMPLEX CASE SCHEDULE** |

This matter comes before the Court on the United States' motion to adopt its Proposed Complex Case Schedule, the premises therein considered, and good cause showing, the Court orders as follows:

1. **Complex Case.** This is a complex case within the meaning of that term under Title 18, United States Code, Section 3161(h)(7)(B)(i) and (ii).

2. **Trial Date.** The trial date is to be determined by the Court. The time from defendant's initial appearance in this case on February 13, 2025, to the trial date to be set by the Court, is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), when considering the factors under 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv). The ends of justice served by granting said continuance outweigh the best interest of the public and the defendants in a speedy trial, since the failure to grant said continuance would be likely to result in a miscarriage of justice, would deny the parties herein sufficient time and the opportunity within which to be able to effectively and thoroughly prepare for trial, taking into account the exercise of due diligence.

3.   **Status Conference**. ~~The Court sets a status conference for March __, 2025, during which the Court will discuss with the parties the status of discovery, motion practice, and a trial date.~~ The parties may request a status conference if they believe one is necessary.

4.   **Pretrial Motions.**

    a.   All pretrial motions are due 120 days before the trial date;

    b.   Responses are due 21 days after the filing of a pretrial motion;

    c.   Any replies in support of a pretrial motion are due 7 days after the filing of a response;

    d.   Motions in limine are due 45 days before the trial date; and

    e.   Responses are due 14 days after the filing of a motion in limine.

5.   **The Parties' Discovery Obligations.**

    a.   The United States is in the process of preparing for production to the defendant its Rule 16 disclosures, and consistent with its ongoing discovery obligations, will turn over additional Rule 16 materials as they become available. The initial production of Rule 16 disclosures will be produced within three days (excluding weekends) of entry of a protective order, and the remaining Rule 16 disclosures in the government's possession, custody, and control will be produced by March 25, 2025.

    b.   The disclosures of the United States related to expert testimony no later than 90 days before trial.

    c.   The Defendant's reciprocal Rule 16 disclosures, including disclosures related to expert witness testimony and notices of defenses (including any advice-of-counsel defense), shall be made no later than on or before 60 days before trial.

    d.   The government's witness list is due no later than 90 days before trial and its exhibit list is due no later than 60 days before trial. The defendant's witness list is

due no later than 45 days before trial, and his exhibit list is due no later than 30 days before trial.

    e. The parties reserve the right to timely supplement their productions and disclosures.

IT IS SO ORDERED:

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
Date: 3/10/25