**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Brent C. Kovar,<br><br>　　　　　　Defendant. | 2:25-cr-00028-JAD-MDC<br><br>**ORDER DENYING MOTION** |

Pending before the Court is Heidi M. Shields's *Motion for Leave to File Amicus Curiae Brief* (ECF No. 31). For the reasons stated below, the Court DENIES the motion.

**DISCUSSION**

**I. BACKGROUND**

On February 12, 2025, defendant Brent C. Kovar was indicted for wire fraud, 18 U.S.C. § 1343; mail fraud, 18 U.S.C. § 1341; and money laundering, 18 U.S.C. § 1957. On February 13, 2025, defendant made his initial appearance and was ordered released on a personal recognizance bond. *ECF No. 4*. On April 11, 2025, the government filed a *Motion to Revoke Pretrial Release* (ECF No. 24) which included statements about Heidi Shields and Passive Income Everyday (PIE).

Heidi Shields ("Shields" or "Movant") states she is the "sole owner and operator of Passive Income Everyday (PIE)." *ECF No. 31 at 1*. She not only seeks leave of court to file an amicus brief "to provide relevant context about PIE" but also requests affirmative relief from the court in the form of a declaratory judgment or order to "responsibly dissolve the company and fulfil its obligations to customers." *Id*. Shields alleges that PIE "has been adversely impacted by government actions tangentially related to the investigation Defendant Brent Kovar." *Id*.

**II. LEGAL STANDARD**

District courts have broad discretion to appoint amici curiae. *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982). "Amicus may be either impartial individuals or interested parties." *United*

*States v. Paredes-Medina*, 2022 U.S. Dist. LEXIS 187237, at *3 (D. Nev. Oct. 13, 2022) (citations omitted).

"An amicus brief should be permitted on behalf of a party lacking competent representation, when the amicus has an interest in some other case that may be affected by a decision in the present case, or when the amicus has unique information that could help this court beyond the assistance already provided by the parties' lawyers." *Id.* "Amicus briefs traditionally assist a court in cases of public interest as a supplement to the parties' arguments or to draw the court's attention to law that has escaped consideration." *Elias v. Wynn Las Vegas, LLC*, 2025 U.S. Dist. LEXIS 26078, at *3 (D. Nev. Feb. 13, 2025) (citations omitted). "Ultimately, the court decides whether to accept an amicus brief where the brief is considered timely and useful" *Id.*

**III. ANALYSIS**

As stated above movant seeks leave of court to file an amicus brief not only to add context but to seek relief from the Court *ECF No. 31 at 1*. Shields alleges that PIE "has been adversely impacted by government actions tangentially related to the investigation Defendant Brent Kovar." *Id.* Shields states that the amicus brief will assist the Court by "clarifying that Pie is not implicated in any criminal conduct; highlighting the collateral consequences of investigatory actions on unrelated individuals and businesses; and requesting narrowly tailored judicial assistance to enable the lawful dissolution of Pie and the release of frozen funds solely for that purpose." *Id.* at 2.

The Court has reviewed the proposed amicus brief and agrees with the government that the proposed brief appears to be filed in response to the Revocation Briefings (*See ECF Nos. 24,26,27,30*). Shields appears to rebut or oppose the government's allegations that PIE was involved in defendant Kovar's alleged scheme. However, Shields does not provide any new information or position that has not already been briefed by parties. *See ECF Nos. 24, 26, 27.* Therefore, any information or perspective that Shields might have to offer is not particularly pertinent at this juncture.

Furthermore, Shields seeks judicial intervention to "winding down" the business and unfreezing accounts (*ECF No. 31 at 4-5*), which is not a purpose of an amici. *See Elias*, 2025 U.S. Dist. LEXIS 26078, at *3. An amicus curiae is not a party to the litigation. *See Miller-Wohl Co. v. Commissioner of Labor & Industry*, 694 F.2d 203, 204 (9th Cir. 1982). The Court does not have jurisdiction over non-parties. "An amicus curiae is not a party to litigation and courts rarely give party prerogatives to those not formal parties; petition to intervene and its express or tacit grant are prerequisites to that treatment." *WildEarth Guardians v. Jeffries*, 370 F.Supp.3d 1208, 1228 (D. Or. 2019) (internal quotations omitted). Because Shields is not a party to the litigation, the Court cannot grant the relief sought.

ACCORDINGLY,

**IT IS ORDERED that** the *Motion for Leave to File Amicus Curiae Brief* (ECF No. 31) is **DENIED**.

DATED this 17th day of June 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District

Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.