RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
REBECCA LEVY
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
Rebecca_levy@fd.org
Attorney for Brent Kovar

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:25-cr-00028-JAD-MDC |
| Plaintiff, | **MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DEADLINES** |
| v. | |
| BRENT KOVAR, | |
| Defendant. | |

Mr. Kovar, by and through counsel, respectfully moves this Court pursuant to 18 U.S.C. § 3161(h)(7) to vacate the current trial date, scheduled for May 12, 2026, and reset this matter for trial on a date convenient to the Court and counsel. This request is made in good faith and not for purposes of delay.

## I.    FACTS AND PROCEDURAL HISTORY

The case involves allegations relating to a cryptocurrency and the mining of cryptocurrency and includes substantial financial records, anticipated witness testimony, and complex factual issues.

The current trial setting was selected based on the parties' mutual understanding that the trial would conclude by approximately May 21 or 22, 2026. Prior to setting trial, defense counsel advised the government that she would be unavailable after May 22, 2026. The

government agreed that the Court would go dark on May 22, but that agreement was based on the expectation that the trial would be completed and a verdict reached by that date, not that the government would still be presenting its case-in-chief. Defense counsel's understanding was that going dark on May 22 would only be necessary if a verdict had not yet been returned by that date.

The government acknowledged defense counsel's limitation and represented that it anticipated the case would be completed within that timeframe. In communications with the Court, the government indicated that the trial was expected to conclude by May 21, 2026, and that any extension beyond that date would create a conflict for defense counsel. Further, defense counsel was also clear that May 29, 2026 was a date which defense counsel would not be available and the government now has the trial extending into that day potentially.  Based on those representations, the parties proceeded with a May 12, 2026 trial date.

Under the current schedule, the trial will not proceed on consecutive days. Trial is set to begin May 12, 2026. The Court is dark the afternoon of May 15, dark all day on May 21 and May 22, and dark the morning of May 28, with May 29 anticipated as the final day of trial. As structured, the trial will be interrupted repeatedly and will unfold over non-consecutive days.

That understanding has now been definitively altered. During meet and confer, the government confirmed that the trial will extend beyond the originally anticipated timeframe and will not conclude by May 22, 2026. The schedule upon which the parties relied in selecting the current trial date is therefore no longer viable. What was expected to be a continuous proceeding concluding within a defined timeframe will instead be spread across non-consecutive days over a significantly longer period.

## II.    ARGUMENT

In order to determine whether a continuance is necessary, this Court must find "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The factors this Court must consider

include the complexity of the case, the interest in continuity of counsel, and the need for counsel to have reasonable time for effective preparation, taking into account counsel's due diligence. 18 U.S.C. § 3161(h)(7)(B)(i), (iv). Courts have broad discretion in granting continuances where necessary to ensure fairness and the orderly administration of justice.

The current trial setting was premised on a shared understanding that the matter would be completed by May 21 or 22, 2026. That premise no longer holds. The government has confirmed that its case-in-chief alone will extend beyond that timeframe, fundamentally altering the basis on which the trial date was selected. The discovery in this case is substantial and continues to expand. To date, the government has produced multiple rounds of materials across different formats, including a full Relativity database, financial records, voluminous electronic communications, website data, and numerous witness interviews. These productions include extensive PayPal and Venmo records, interview memoranda, message extractions, website captures, and large sets of images and videos. Additional productions have included compressed video files, transcripts, and further document sets, as well as separate media such as recorded interviews. This is not a simple or discrete case. It involves layered financial transactions, digital evidence, and multiple witnesses, all of which require careful review, organization, and investigation. In light of that complexity, the defense cannot reasonably be expected to curtail necessary cross-examination or abbreviate its case-in-chief. Doing so would risk compromising Mr. Kovar's ability to fully and fairly present his defense.

As a result, the current schedule is no longer workable. Instead of a continuous trial, the proceedings will be interrupted by multiple dark days and partial trial days, effectively stretching the trial over an extended period. This creates practical difficulties for counsel, complicates witness scheduling, and presents a substantial risk that jurors will be required to evaluate the evidence in a fragmented and disjointed manner rather than as a cohesive whole.

Defense counsel's unavailability after May 22, 2026 was clearly disclosed and was expressly considered in selecting the current trial date. Proceeding under a schedule that now

extends beyond that date creates a substantial likelihood that the trial will be interrupted before completion, resulting in avoidable disruption to the presentation of evidence.

The case also involves significant financial and documentary evidence, and the Court-appointed receiver's investigation remains ongoing. Additional time will allow the parties to fully evaluate and present the relevant financial information at trial.

Mr. Kovar is not in custody and does not object to a continuance. Separately, the defense does not oppose resetting the trial to a date that accommodates the availability of the government's case agent so that the matter may proceed in an orderly and uninterrupted manner.

To the extent the government may contend that time is of the essence in bringing this matter to trial, the timeline of this case demonstrates otherwise. The related civil action brought by the Securities and Exchange Commission was initiated in 2021, yet the government did not issue a target letter to Mr. Kovar until May 4, 2023, and did not return an Indictment until February 2025. It is noted that a potential witness, Eddie Kona, has already passed away, however, Mr. Kona passed away on May 28, 2021, years before Mr. Kovar was even provided a target letter. The death of Mr. Kona reflects that the evidentiary landscape has already developed over time and a short delay will not change that. Having proceeded on a multi-year investigative timeline, the government cannot claim prejudice from a modest continuance necessary to ensure that the trial proceeds in a continuous and orderly manner.

The need for a continuance is further underscored by the posture of the related civil enforcement action. That matter, including the receivership, has not yet reached a final resolution or disposition. The ultimate outcome of the receivership, including the recovery and distribution of assets, the determination of investor losses, and the resolution of competing claims, remains pending. Those issues are not collateral to this case. They bear directly on core questions that are likely to be presented to the jury, including the nature of the business, the treatment of investor funds, and the extent of any alleged loss. The disposition of the receivership may materially affect how those issues are framed and understood, as well as the

substance of testimony from witnesses.  Proceeding to trial before the civil matter has reached a more final stage risks presenting the jury with a moving or incomplete picture of those issues. It may also require witnesses to testify without the benefit of final determinations regarding loss, asset recovery, or the ultimate financial outcome of the enterprise, all of which may be subject to change as the receivership progresses.

In contrast, continuance will allow the related civil proceedings to reach a more stable posture, reducing the risk of inconsistency, confusion, or the need to revisit issues as additional developments occur. This is particularly appropriate where the government elected to proceed on a multi-year investigative timeline and where the defendant is not in custody.

Under these circumstances, a brief continuance will promote the orderly administration of justice and ensure that the jury is presented with a more complete and settled factual framework within which to evaluate the evidence.

Taken together, these circumstances demonstrate that the ends of justice are best served by continuing the trial to a date that allows for a continuous proceeding, avoids unnecessary interruption, and ensures a fair and orderly presentation of the evidence.

## III.    CONCLUSION

For the foregoing reasons, Mr. Kovar respectfully requests that the Court vacate the current trial date and pretrial deadlines and reset this matter for trial on a date convenient to the Court and counsel.

DATED April 8, 2026.

Respectfully submitted,

RENE L. VALLADARES
Federal Public Defender

By:  */s/ Rebecca Levy*
REBECCA LEVY
Attorney for Brent Kovar